MEMPHIS & ST. LOUIS PACKET Co. *v.* THE H. C. YAEGER TRANSPOR-TATION Co.*

(*Circuit Court, E. D. Missouri.* February 10, 1882.)

1. COLLISION—DIVISION OF DAMAGES.
   Where, in case of a collision between two vessels, there is mutual fault, the damages should be equally divided between the owners.
2. SAME—MEASURE OF DAMAGES—REPAIRS—DETENTION.
   The damages to be divided in such cases are those necessarily resulting from the collision. If repairs are necessitated their actual cost should be taken into account. If the injured vessel is bound on a voyage and is detained by reason of the collision, the loss from detention also constitutes part of the damages.

In Admiralty. Appeal.

*Noble & Orrick,* for libellants.

*Henderson & Shields,* for respondent.

McCRARY, C. J. This is a case of collision. The court has heretofore affirmed the finding below that there was mutual fault, and that the damages should, therefore, be equally divided between the owners of the two colliding vessels. At the request of counsel a reargument has been had upon the question, whether in such a case demurrage, or charges for loss of the use of the injured vessel while undergoing repairs, should be allowed as part of the damages to be divided.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

Appellant's counsel insists that, both parties being in fault, the only damages to be apportioned are the actual injury to the vessels; or, in other words, the actual cost of repairs. But no case is cited in which it has been so decided, and I think a fair construction of the rule as laid down by the supreme court requires that we give to the word "damages" its ordinary meaning. The leading case in this country upon the subject is that of the *Schooner Catharine* v. *Dickinson*, 17 How. 170, in which the rule is thus stated: "We think the rule *dividing the loss* the most just and equitable, and as best tending to induce care and vigilance on both sides in navigation." In subsequent cases arising in that court this rule is followed, and subsequently the same language used to express it. It is sometimes said that the damage done to both ships is to be added together and the sum thereof equally divided. But this language is never used in such connection as to lead to the inference that nothing but the actual cost of repairs is to be taken into account. By the word "loss" or "damages" I understand the supreme court to mean the injury directly and necessarily resulting from the collision. If a vessel be bound upon a voyage, and is, by reason of a collision, detained, the loss from detention is a part of the damages resulting from the collision; and if she is disabled by such collision, so that repairs are necessary, the actual cost of such repairs is likewise part of the damages. And in either case such loss or damage is to be paid by the party solely in fault, if the fault be all on one side, or to be divided if the fault be mutual. In both cases the rule as to what is "loss" or "damages" is the same. It is the injury necessarily resulting from the collision. This is the view taken of the rule by *Lowell*, J., in the case of *The Mary Patten*, 2 Low. 196. The motion for rehearing is overruled, and the order affirming the decree of the district court is adhered to.